IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | FILED: JULY 1, 2008 08CV3749 JUDGE ST. EVE MAGISTRATE JUDGE DENLOW |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | Honorable   TC District Judge |
| POST LUMBER COMPANY, an Ohio Corporation and POST REALTY COMPANY, INC., an Ohio Corporation | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its present Trustees, for their causes of action against Defendants Post Lumber Company, an Ohio corporation ("Post Lumber") and Post Realty Company, Inc., an Ohio corporation ("Post Realty"), allege as follows:

**JURISDICTION AND VENUE**

1.      This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. (1982).  This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c), as well as under 28 U.S.C. §1331 and 1337.

F:266408 / 08410052 / 7/1/08

-1-

3. The Pension Fund is administered at its principal place of business located in Rosemont, Illinois. Venue is proper in this District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

## PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5. Plaintiff Howard McDougall is a present Trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

6. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7. Post Lumber is or was an Ohio corporation with its principal place of business located in the State of Ohio. Post Lumber is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

8. Post Realty is or was an Ohio corporation with its principal place of business located in the State of Ohio.

## CLAIM FOR RELIEF

9. Post Lumber was subject to collective bargaining agreements executed between itself and Local Union No. 377 of the International Brotherhood of Teamsters under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

10. As of August 26, 2006, Jeffery Post and Craig Post directly or indirectly owned one hundred percent (100%) of Post Lumber.

11. As of August 26, 2006, Jeffery Post and Craig Post directly or indirectly owned one hundred percent (100%) of Post Realty.

12. On August 26, 2006, Post Lumber, Post Realty, and all other trades or businesses under common control with them (the "Post Lumber Controlled Group") constituted a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

13. The Post Lumber Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

14. On August 26, 2006, Post Lumber permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

15. As a result of this complete withdrawal, the Post Lumber Controlled Group, incurred withdrawal liability to the Pension Fund in the amount of $53,017.44 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

16. On or about March 27, 2008, the Post Lumber Controlled Group, through RBS, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C.

§ 1382(2) and 1399(b)(1). The notice notified Post Lumber Controlled Group that it was required to discharge its liability in one lump sum in the amount of $53,017.44.

17. The Post Lumber Controlled Group has not requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

18. The Post Lumber Controlled Group did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

19. The Post Lumber Controlled Group has failed to make the withdrawal liability payment to the Pension Fund and is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

20. Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1) by the Post Lumber Controlled Group.

21. Defendants are jointly and severally liable for the withdrawal liability incurred by the Post Lumber Controlled Group in the amount of $53,017.44.

WHEREFORE, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A. A judgment against Defendants Post Lumber Company, an Ohio corporation and Post Realty Company, Inc., an Ohio corporation and on behalf of Plaintiffs, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (1) withdrawal liability in the amount of $53,017.44;

    (2) interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two

    percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

 (3) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

 (4) attorneys' fees and costs.

B. Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged; and

C. For such further or different relief as this Court may deem proper and just.

        Respectfully submitted,

        /s/ Anthony E. Napoli
        Anthony E. Napoli
        Attorney for Plaintiffs
        Central States, Southeast and
        Southwest Areas Pension Fund
        9377 W. Higgins Road, 10th Floor
        Rosemont, Illinois  60018-4938
        (847) 518-9800, Ext. 3702
        ARDC # 06210910
        tnapoli@centralstatesfunds.org