IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND<br>SOUTHWEST AREAS PENSION FUND,<br>and HOWARD McDOUGALL, trustee,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>POST LUMBER COMPANY, an Ohio<br>Corporation and POST REALTY COMPANY,<br>INC., an Ohio Corporation,<br><br>　　　　　　　Defendants. | Case No. 08 C 3749<br><br>Honorable Amy St. Eve<br>District Judge |

**PLAINTIFFS' MOTION FOR ENTRY OF ORDER
OF DEFAULT AND JUDGMENT BY DEFAULT**

　　　　Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, (hereinafter collectively referred to as the "Pension Fund"), pursuant to Rule 55(b) of the Federal Rule of Civil Procedure ("F.R.Civ.P."), hereby move this Court for the entry of order of default and judgment by default against Defendants Post Lumber Company, an Ohio corporation ("Post Lumber") and Post Realty Company, Inc., an Ohio corporation ("Post Realty"). In support of this motion, the Pension Fund states as follows:

　　　　1.　　On July 1, 2008, Plaintiffs filed this lawsuit against Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, et seq., to collect withdrawal liability payments due and owing to the Pension Fund as well as interest, liquidated damages, and attorneys' fees and costs.

2. This Court has subject matter jurisdiction of this action and venue of this action properly lies in this District. Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c), (d). (Affidavit of Andrew Sprau ¶¶3-5 ("Sprau Affidavit") attached hereto as Exhibit 1 and incorporated herein by reference.)

3. On July 10, 2008, Defendants were served by personal delivery of Summons and Complaint and this Court has personal jurisdiction over Defendant. See Affidavit of Service filed on August 5, 2008; F.R.Civ.P. Rule 4(c), (h).

4. The time for Defendants to appear, plead, or otherwise defend has expired and Defendants have failed to appear, plead, or otherwise defend in this action.

5. Post Lumber was subject to collective bargaining agreements executed between it and Local Union No. 377 of the International Brotherhood of Teamsters, under which Post Lumber was required to make pension contributions to Pension Fund on behalf of certain of its employees. (Sprau Affidavit ¶¶ 6-7.)

6. As of August 26, 2006, Jeffery Post and Craig Post directly or indirectly owned one hundred percent (100%) of Post Lumber. (Sprau Affidavit ¶ 8.)

7. As of August 26, 2006, Jeffery Post and Craig Post directly or indirectly owned one hundred percent (100%) of Post Realty. (Sprau Affidavit ¶ 9.)

8. On August 26, 2006, Post Lumber, Post Realty, and all other trades or businesses under common control with them (the "Post Lumber Controlled Group") constituted a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder. (Sprau Affidavit ¶ 10.)

9. The Post Lumber Controlled Group is the employer for purposes of the

determination and assessment of withdrawal liability under Title IV of ERISA. (Sprau Affidavit ¶ 11.)

10. On August 26, 2006, Post Lumber permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383. (Sprau Affidavit ¶ 12.)

11. As a result of this complete withdrawal, the Post Lumber Controlled Group, incurred withdrawal liability to the Pension Fund in the amount of $53,017.44 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b). (Sprau Affidavit ¶ 13.)

12. On or about March 28, 2008, the Post Lumber Controlled Group, through Post Lumber, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). The notice notified Post Lumber Controlled Group that it was required to discharge its liability in one lump sum in the amount of $53,017.44. (Sprau Affidavit ¶ 14.)

13. The Post Lumber Controlled Group has not requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A). (Sprau Affidavit ¶ 15.)

14. The Post Lumber Controlled Group did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1). (Sprau Affidavit ¶ 16.)

15. The Post Lumber Controlled Group has failed to make the withdrawal liability

payment to the Pension Fund and owes a principal balance of $53,017.44. (Sprau Affidavit ¶ 17.)

16.     Under Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145.  <u>Central States Pension Fund v. Slotky</u>, 956 F.2d 1369, 1377 (7th Cir. 1992).

17.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to:

>    (i)   delinquent withdrawal liability payments;
>    (ii)  interest on the delinquent withdrawal liability payments;
>    (iii) an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments;
>    (iv)  reasonable attorneys' fees and costs;
>    (v)   and such other relief the Court deems appropriate.

An award of these amounts is mandatory.  <u>Central States Pension Fund v. Gerber Truck Service</u>, 870 F.2d 1148, 1156 (7th Cir. 1989) (en banc).  The liquidated damages awarded under the MPPAA "are something that an employer must pay as a penalty for refusing to follow the statutory procedure for challenging assessments of withdrawal liability." <u>Central States v. Lady Baltimore Foods, Inc.</u>, 960 F.2d 1339, 1347 (7th Cir. 1992).  (Sprau Affidavit ¶¶ 18-19.)

18.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Post Lumber Controlled Group owes the Pension Fund a principal balance in the amount of $53,017.44 in withdrawal liability.  (Sprau Affidavit ¶ 17.)

19.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), interest is

computed and charged at the rate set by the Pension Fund's Plan. (Sprau Affidavit ¶ 20.)

20. Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to interest with an annualized interest rate equal to the two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually. (Sprau Affidavit ¶ 21.)

21. Through August 1, 2008, the Post Lumber Controlled Group owes the Pension Fund interest on the unpaid withdrawal liability in the total amount of $1,087.97. (Sprau Affidavit ¶ 22.)

22. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to twenty percent (20%) of the delinquent withdrawal liability. (Sprau Affidavit ¶ 23.)

23. The Post Lumber Controlled Group owes the Pension Fund liquidated damages in the greater amount of twenty percent (20%) of the unpaid withdrawal liability in the amount of $10,603.49. (Sprau Affidavit ¶ 24.)

24. Pursuant to the terms of the Pension Fund Trust Agreement, the Post Lumber Controlled Group is required to pay all attorneys' fees and costs incurred in connection with this case. The Pension Fund incurred attorneys' fees in total amount of $1,600.00 and costs in the total amount of $366.50 in this case. (Affidavit of Anthony E. Napoli ¶¶ 3-6 which is attached hereto as Exhibit 2 and is incorporated herein by reference.)

25.     Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.  (Sprau Affidavit ¶ 26.)  <u>Central States v. Bomer National, Inc.</u>, 253 F.3d 1011, 1020 (7th Cir. 2001).

26.     Attached hereto as Exhibit 3 is a proposed Judgment Order.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, pray for entry of judgment by default in favor of Plaintiffs and against Defendants  Post Lumber Company, an Ohio corporation and Post Realty Company, Inc., an Ohio corporation as follows:

(A)     That Defendants  Post Lumber Company, an Ohio corporation and Post Realty Company, Inc., an Ohio corporation be judged to be in default.

(B)     For withdrawal liability in the amount of $53,017.44; together with interest in the amount of $1,087.97; liquidated damages in the amount of $10,603.49; attorneys' fees in the amount of $1,600.00; and costs in the amount of $366.50.

(C)     That this Court award Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, post-judgment interest computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

(D)     That this Court retain jurisdiction to enforce the provisions of its Order.

(E)    For such other relief deemed just and proper.

>                             Respectfully submitted,
>
>                             /s/ Anthony E. Napoli
>                             Anthony E. Napoli
>                             Attorney for Plaintiffs
>                             Central States, Southeast and
>                             Southwest Areas Pension Fund
>                             9377 W. Higgins Road, 10th Floor
>                             Rosemont, Illinois  60018-4938
>                             (847) 518-9800, Ext. 3702
>                             ARDC # 06210910
>                             tnapoli@centralstatesfunds.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 3749 |
| v. | ) ) ) | Honorable Amy St. Eve District Judge |
| POST LUMBER COMPANY, an Ohio Corporation and POST REALTY COMPANY, INC., an Ohio Corporation, | ) ) ) ) | |
| Defendants. | ) | |

### AFFIDAVIT OF ANDREW SPRAU

State of Illinois    )
                     ) SS
County of Cook   )

I, Andrew Sprau, having been duly sworn on oath, depose and state as follows:

1. I am the Department Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2. I am responsible for the Pension Fund's collection of withdrawal liability. If an employer has withdrawn from the Pension Fund, one of my staff members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1).

3. The Pension Fund is a multiemployer pension plan which is administered at its principal place of business at 9377 West Higgins Road, Rosemont, Illinois 60018-4938.

4.  On the date this action was filed and to the present date, Howard McDougall, trustee, was and is one of the trustees and a fiduciary of the Pension Fund.

5.  The Trustees are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10).

6.  The files maintained for every employer who has withdrawn from participation in the Pension Fund, including the file for Post Lumber Company, an Ohio corporation ("Post Lumber"), are under my dominion and control.

7.  The Pension Fund's records show that Post Lumber was subject to collective bargaining agreements executed between them and Local Union No. 377 of the International Brotherhood of Teamsters, under which Post Lumber was required to make pension contributions to the Pension Fund on behalf of certain of its employees.

8.  As of August 26, 2006, Jeffery Post and Craig Post directly or indirectly owned one hundred percent (100%) of Post Lumber.

9.  As of August 26, 2006, Jeffery Post and Craig Post directly or indirectly owned one hundred percent (100%) of Post Realty Company, Inc., an Ohio corporation ("Post Realty").

10. On August 26, 2006, Post Lumber, Post Realty, and all other trades or businesses under common control with them (the "Post Lumber Controlled Group") constituted a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

11. The Post Lumber Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

12. On August 26, 2006, Post Lumber permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

13. As a result of this complete withdrawal, the Post Lumber Controlled Group, incurred withdrawal liability to the Pension Fund in the amount of $53,017.44 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

14. On or about March 28, 2008, the Post Lumber Controlled Group, through Post Lumber, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). The notice notified the Post Lumber Controlled Group that it was required to discharge its liability in one lump sum in the amount of $53,017.44.

15. The Post Lumber Controlled Group has not requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

16. The Post Lumber Controlled Group did not timely initiate arbitration pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

17. The Post Lumber Controlled Group has failed to make the withdrawal liability payment to the Pension Fund and owes a principal balance of $53,017.44.

18. Pursuant to Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure of an employer to pay withdrawal liability payments when due is treated in the same manner as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145.

19. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when it prevails in an action under Section 515 of ERISA, 29 U.S.C. § 1145, as incorporated by Section 4301(b) of ERISA, 29 U.S.C. § 1451(b):

    (i)    delinquent withdrawal liability payments;
    (ii)   interest on the delinquent withdrawal liability payments;
    (iii)  an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments; and
    (iv)  reasonable attorneys' fees and costs.

20. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), interest is determined using the rate under the Pension Fund's Plan.

21. Under the Pension Fund's Plan, interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged.

22. Through August 1, 2008, the Post Lumber Controlled Group owes the Pension Fund interest on the unpaid withdrawal liability in the total amount of $1,087.97.

23. The Pension Fund's Plan provides for liquidated damages in an amount equal to the greater of the interest on the delinquent withdrawal liability or up to twenty percent (20%) of the delinquent withdrawal liability.

24. The Post Lumber Controlled Group owes the Pension Fund liquidated damages in the amount of twenty percent (20%) of the unpaid withdrawal liability payments in the amount of $10,603.49 ($53,017.44 x 20%).

25. Accordingly, the Pension Fund is entitled to a judgment against the Post Lumber Controlled Group in the amount of: (i) $53,017.44 in withdrawal liability payments;

(ii) $1,087.97 in interest (through August 1, 2008); (iii) $10,603.49 in liquidated damages; and (iv) attorneys' fees and costs.

26. Under the Pension Fund's Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which the interest is charged and shall be compounded annually.

**FURTHER AFFIANT SAYETH NOT.**

Andrew Sprau

Subscribed and sworn to before me, a Notary Public this 7ᵀᴴ day of August, 2008

Notary Public

Official Seal
Crystal L Hamilton
Notary Public State of Illinois
My Commission Expires 07/21/2009

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>        Plaintiffs,<br><br>        v.<br><br>POST LUMBER COMPANY, an Ohio Corporation and POST REALTY COMPANY, INC., an Ohio Corporation,<br><br>        Defendants. | Case No. 08 C 3749<br><br>Honorable Amy St. Eve<br>District Judge |

### AFFIDAVIT OF ANTHONY E. NAPOLI

State of Illinois   )
                        ) SS
County of Cook  )

I, Anthony E. Napoli having been duly sworn on oath, depose and state as follows:

1. I am an attorney employed by the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and I am familiar with the pending litigation.

2. I graduated from the DePaul University College of Law in 1992. I was admitted to the bar of the State of Illinois on November 5, 1992 and admitted to practice in the United States District Court for the Northern District of Illinois in November 1996. I have worked as an attorney responsible for ERISA contribution and withdrawal liability litigation since 1996.

3. I have reviewed the Pension Fund's billing records and have determined that I have rendered actual, necessary legal services in connection with this case with the

prosecution of this action. The legal services consists of 8.0 hours at the rate of $200.00 per hour for total attorneys' fees in the amount of $1,600.00.

4. The legal services are briefly summarized as follows: review file, including collective bargaining agreement, participation agreement, and withdrawal liability claim; conferences with client representatives; investigation of current address to obtain service of summons and complaint; preparation of complaint and appearances; preparation of summons; preparation of motion for entry of judgment by default, including supporting affidavits, exhibits, and proposed judgment order.

5. Based upon my experience in similar cases, I believe that the above rates are at or below the market rate charged for similar legal work and therefore, are reasonable. I also believe that the amount of time spent by me on this case is reasonable. On that basis, the total of legal fees incurred in this matter is $1,600.00.

6. The Pension Fund has also incurred the following costs in connection with this litigation in the total amount of $366.10, consisting of Filing Fee in the amount of $350.00 and service of process fee in the amount of $16.50.

7. I believe that the aforementioned legal fees and costs were necessarily incurred and are reasonable in amount.

**FURTHER AFFIANT SAYETH NOT.**

_____
Anthony E. Napoli

Subscribed and sworn to before me,
a Notary Public, this ____ day of
August 2008.

_____
Notary Public

"OFFICIAL SEAL"
GEORGE O HANSEN
Notary Public, State of Illinois
My Commission Expires 1/21/2009

F:270038 / 08410052 / 8/7/08                    -2-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 C 3749 |
| v. | ) ) | Honorable Amy St. Eve District Judge |
| POST LUMBER COMPANY, an Ohio Corporation and POST REALTY COMPANY, INC., an Ohio Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## JUDGMENT ORDER

At Chicago, Illinois, in the District and Division aforesaid, before the Honorable Amy J. St. Eve, District Judge.

This cause coming to be heard this 19th day of August, 2008, on Plaintiffs' Motion for Entry of Order of Default and Judgment by Default, due notice having been served, and it appearing of record that a Complaint for collection of withdrawal liability, interest, and statutory damages under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, was filed by Plaintiffs on July 1, 2008; that Defendants Post Lumber Company, an Ohio corporation ("Post Lumber") and Post Realty Company, Inc., an Ohio corporation were served by delivery of Summons and Complaint on July 10, 2008; that Defendants have failed to appear, answer, or otherwise plead to the Complaint; that Plaintiffs have submitted affidavits in support of judgment; and the Court having fully considered the Complaint, the Motion for Entry of Default and Judgment by Default and

supporting affidavits, and the record in this case does hereby find: (i) that this Court has jurisdiction of the action; (ii) that an order of default against Defendants is proper; (iii) that judgment by default may properly be entered in favor of Plaintiffs and against Defendants Post Lumber Company, an Ohio corporation and Post Realty Company, Inc., an Ohio corporation; and (iv) that Plaintiffs have established by evidence satisfactory to this Court that judgment should be entered against Defendants for the principal amount, interest, liquidated damages, attorneys' fees, and costs ordered hereinbelow, wherefore:

**IT IS ORDERED**:

A.   Judgment by default be and is hereby entered in favor of Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee, and against Post Lumber Company, an Ohio corporation and Post Realty Company, Inc., an Ohio corporation, jointly and severally, in the total amount of $66,675.54. The judgment amount consists of: (i) withdrawal liability in the amount of $53,017.44; (ii) interest in the amount of $1,087.97; (iii) liquidated damages in the amount of $10,603.49 (iv) attorneys' fees in the amount of $1,600.00; and (v) costs in the amount of $366.50 awarded pursuant to 29 U.S.C. § 1132(g)(2).

B.   That Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

C.   Specifically excluded from this judgment and not barred under claim preclusion are any claim for employer contributions (or interest and statutory damages

-3-

thereon) for any period of time on behalf of employees whose work history was not reported or was inaccurately reported to the Pension Fund.

      D.     That Plaintiffs are awarded execution for the collection of the judgment and costs granted.

      E.     That the Court retain jurisdiction of the cause for the purpose of enforcing this Order.

                                        Enter:

Dated: _____

                                        United States District Judge

Order prepared by
attorney for Plaintiffs:

Anthony E. Napoli
Central States, Southeast and
Southwest Areas Pension Fund
9377 West Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3702